# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARSHA M. CHESBRO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:18-cv-88-SPB |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Marsha M. Chesbro ("Plaintiff") filed this *pro se* civil action in a Magisterial District Court in Erie County, Pennsylvania, naming as the Defendant Justin Martin, an employee of the Social Security Administration ("SSA"). Plaintiff's lawsuit stems from the SSA's efforts to recover certain payments that were made to Plaintiff after she returned to work without notifying the SSA. By Order dated March 26, 2018, the Honorable Mark R. Hornak dismissed Justin Martin from this case and directed the United States of America (hereafter, "United States" or "Government") to be substituted as the proper party Defendant for purposes of all further proceedings. ECF No. 9.

Presently pending before the Court is the United States' motion to dismiss the within action for lack of subject matter jurisdiction or, alternatively, for failure to state a claim. ECF No. 21. For the reasons that follow, the Court will grant the Government's motion to dismiss for lack of jurisdiction. The Government's alternative motion to dismiss for failure to state a claim will be denied as moot.

### I.  STANDARD OF REVIEW

When a defendant moves to dismiss a claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must determine whether the defendant is

1

making a "facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* On the other hand, a factual attack challenges the trial court's "very power to hear the case." *Mortensen*, 549 F.2d at 891. Accordingly, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Further, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Importantly, in evaluating a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs.*, 220 F.3d at 178. In either situation, it is the plaintiff's burden to demonstrate the existence of subject matter jurisdiction. *See Lee v. Janosko,* No. 2:18-CV-01297, 2019 WL 2392661, at *2 (W.D. Pa. June 6, 2019) ("The plaintiff has the burden of establishing that the court has subject matter jurisdiction, . . . and the defendant can challenge whether the plaintiff has done so, through either a facial challenge or a factual challenge to the complaint.") (citations omitted).

In this case, the United States is asserting a factual Rule 12(b)(1) challenge. To that end, the Government has submitted evidence outside the pleadings, which this Court is free to consider and weigh in determining whether it has subject matter jurisdiction. *Gould Elecs.*, 220 F.3d at 178. Although Plaintiff was given ample notice and opportunity to respond to the Government's jurisdictional arguments and offer evidence on her own behalf, she has not done

2

so. Accordingly, the Court will decide the Government's motion on the basis of the record as it presently stands.

## II. BACKGROUND

In 2010, Plaintiff applied for, and was granted, old-age benefits from the SSA. Decl. of Andrew Mumford, ¶13, ECF No. 22-1. At some point after she began to receive these benefits, Plaintiff returned to work. *Id*. Plaintiff's earnings made her ineligible for a portion of the retirement benefits that were paid to her between 2010 and 2013. *Id*. Accordingly, the SSA sent notices to Plaintiff on June 19, 2012 and August 30, 2012, informing her of the overpayment. *Id*. ¶6. Eventually, the SSA recouped the overpayment by withholding amounts from Plaintiff's monthly benefits and by applying certain underpayments against the outstanding balance. *Id*. ¶7.

Plaintiff sought reconsideration of the SSA's initial determination that she had been overpaid; however, the SSA affirmed its initial determination on August 16, 2014. Mumford Decl. ¶¶8-9. Plaintiff subsequently received a hearing before an Administrative Law Judge, who rendered an "unfavorable" decision on March 24, 2017. *Id*. ¶¶10-11. The ALJ concluded, in relevant part, that Plaintiff had been paid "full and complete retirement benefits" by the SSA and that "no overpayment or underpayment [was] due" on her account. Id. ¶11.[1]

Plaintiff never appealed the ALJ's decision to the SSA's Appeals Council. Mumford Decl. ¶12; *see also* Decl. of Paul K. Nitze, ECF No. 22-2. Instead, she filed a complaint in Magisterial District Court Number MDJ-06-1-03 in Erie County, alleging that SSA officials had committed fraud by taking money from her benefits account. ECF No. 6-2. As relief, she sought $10,000.00 in damages. *Id*.

---

[1] The ALJ noted that a previous underpayment of $4,511.00 was due to Plaintiff and had been "released for payment" on June 7, 2016. Mumford Decl. ¶11.

The United States Attorney for the Western District of Pennsylvania then removed the case to this judicial district and successfully moved the Court to substitute the United States as the relevant Defendant. ECF Nos. 6-9. The case was transferred to the undersigned on September 18, 2018. ECF No. 15.

### III. DISCUSSION

It is axiomatic that federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. v. Am.*, 511 U.S. 375, 377 (1994). As a result, "[t]hey possess only that power authorized by the constitution and statute, . . . which is not to be expanded by judicial decree[.]" *Id.* (citations omitted). The default presumption is that "a cause lies outside this limited jurisdiction[.]" *Id.* (citation omitted). Also relevant to the Court's jurisdictional analysis is the doctrine of sovereign immunity, which shields the United States and its various agencies from suit, except to the extent that Congress has waived the immunity. *Dept' of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999).

Here, the gravamen of Plaintiff's complaint is that she was wrongfully deprived of federal old-age benefits, a claim which implicates Title II of the Social Security Act, 42 U.S.C. §§401-434. Congress has provided a limited waiver of sovereign immunity relative to such claims, as set forth in Subsection 205(g) of the Act, *to wit*:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. . . .

4

42 U.S.C. §405(g). This narrow waiver is the exclusive means by which the Plaintiff can challenge the SSA's determination relative to her benefits. *See id.* §405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.").

Importantly, this narrow basis for judicial review applies only to "final decisions" of the Commissioner of Social Security. 42 U.S.C. §405(g). In order to obtain a "final decision," claimants must pursue a four-step administrative review process as set forth in the SSA's regulations, *i.e.*: (1) initial determination; (2) request for reconsideration; (3) request for a hearing before an ALJ; and (4) request for review by the SSA Appeals Council. *See* 20 C.F.R. §§404.900. It is only after receiving an unfavorable decision by the Appeals Council that a "final decision" has been rendered by the Commissioner such that judicial review may be obtained. *Id.* §404.900(a), 404.981.

The Supreme Court of the United States has interpreted the "final decision" requirement as an exhaustion requirement that is "central to the requisite grant of subject-matter jurisdiction." *Weinberger v. Salfi,* 422 U.S. 749, 764 (1975). Thus, a claimant's failure to adhere to the four-step process deprives the district court of subject-matter jurisdiction and thereby deprives the claimant of any right to judicial review. *See Pallash v. Soc. Sec. Admin*., Civil Action No. 1:17-290, 2018 WL 4777533, at *2 (W.D. Pa. Oct. 3, 2018) (noting that failure to timely follow the appropriate steps in the administrative review process results in the loss of the claimant's right to judicial review) (citing 20 C.F.R. § 404.900(b)); *Geschke v. Soc. Sec. Admin*., No. C06-1256C, 2007 WL 1140281, at *7 (W.D. Wash. Apr. 17, 2007) ("While fulfilment of the exhaustion

5

requirement is dependent on procedures set forth by the SSA, failure to satisfy it deprives district courts of subject matter jurisdiction.").

Here, it is undisputed that Plaintiff did not exhaust the administrative review process. Plaintiff had sixty days from the issuance of the ALJ's March 24, 2017 decision within which to request further review by the SSA's Appeals Council. *See* 20 C.F.R. 404.968. As a result of Plaintiff's failure to properly exhaust her administrative remedies, this Court lacks jurisdiction over Plaintiff's claims. Accordingly, the complaint must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## IV. CONCLUSION

Based upon the foregoing reasons, the United States' motion to dismiss for lack of subject matter jurisdiction will be granted.[2] Because the jurisdictional defects in Plaintiff's complaint are irremediable, the pleading will be dismissed without further opportunity for amendment. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (stating that a district court may dismiss an action with prejudice when leave to amend would be inequitable or futile).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

---

[2] The United States has also moved, in the alternative, to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Lepre v. Lukus*, No. 3:13–CV–796, 2014 WL 198811 at *16 (M.D. Pa. Jan.15, 2014) (internal quotation marks and citation omitted). Because the Court in this case is granting the Government's motion under Rule 12(b)(1), the Government's alternative request for relief will be dismissed as moot.

cc: Paul E. Skirtich, Esq.
(via CM/ECF)

MARSHA M. CHESBRO
1903 W. 8th Street
PMB #179
Erie, PA 16505
(via U.S. Mail)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARSHA M. CHESBRO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:18-cv-88-SPB |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

## O R D E R

NOW, this ~~30th~~ day of July, 2019, upon consideration of the Motion of the United States to Dismiss Plaintiff's Complaint, ECF No. [21], IT IS ORDERED, for the reasons set forth in the accompanying Memorandum Opinion, that the motion to dismiss for lack of subject matter jurisdiction shall be, and hereby is, GRANTED, and the Complaint shall be, and hereby is, DISMISSED without leave to amend.

IT IS FURTHER ORDERED that the Defendant's motion, in the alternative, to dismiss the complaint for failure to state a claim upon which relief can be granted shall be, and hereby is, DISMISSED as moot.

There being no further claims pending before the Court in the above-captioned matter, the Clerk is directed to mark this case "CLOSED."

/s/ Susan Paradise Baxter

SUSAN PARADISE BAXTER
United States District Judge

cc: Paul E. Skirtich, Esq.
    (via CM/ECF)

    MARSHA M. CHESBRO
    1903 W. 8th Street
    PMB #179
    Erie, PA 16505
    (via U.S. Mail)