IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARSHA M. CHESBRO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:18-cv-88-SPB |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This *pro se* civil action was commenced by Plaintiff Marsha M. Chesbro in a magisterial district court in Erie County, Pennsylvania, on February 2, 2018. ECF No. 6-2. The underlying dispute in this case stems from the SSA's efforts to recover monthly old-age benefits that were paid to Plaintiff after she returned to work without notifying the SSA.

Presently pending before the Court is the Second Motion of the United States to Dismiss Plaintiff's Complaint. *See* ECF No. 38. For the reasons that follow, the Court will grant the Government's motion to dismiss for lack of jurisdiction. The Government's alternative motion to dismiss for failure to state a claim will be dismissed as moot.

I.   **STANDARD OF REVIEW**

When a defendant moves to dismiss a claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must determine whether the defendant is making a "facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* On the other hand, a factual attack challenges the

1

trial court's "very power to hear the case." *Mortensen*, 549 F.2d at 891.  Accordingly, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Id*.  "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Id*.  In either situation, it is the plaintiff's burden to demonstrate the existence of subject matter jurisdiction.  *See Lee v. Janosko,* No. 2:18-CV-01297, 2019 WL 2392661, at *2 (W.D. Pa. June 6, 2019) ("The plaintiff has the burden of establishing that the court has subject matter jurisdiction, . . . and the defendant can challenge whether the plaintiff has done so, through either a facial challenge or a factual challenge to the complaint.") (citations omitted).

In this case, the Government's motion to dismiss involves both facial and factual challenges to the Court's jurisdiction.  With respect to the latter, both parties have submitted evidence outside the pleadings, which this Court is free to consider and weigh in determining whether it has subject matter jurisdiction.  *Gould Elecs*., 220 F.3d at 178.  A review of the relevant factual history follows.

II.     BACKGROUND

As recounted by this Court in a previous opinion, Plaintiff applied for, and was granted, old-age benefits from the SSA in 2010.  ECF No. 29 at 3; *see* ECF No. 22-1, ¶13.  At some point after she began to receive these benefits, Plaintiff returned to work.  *Id*.  The Government contends that Plaintiff's earnings made her ineligible for a portion of the benefits that she received between 2010 and 2013.  *Id*.  Accordingly, the SSA sent notices to Plaintiff on June 19, 2012 and August 30, 2012, informing her of the alleged overpayment.  ECF No. 29 at 3; *see* ECF No. 39-1, ¶6.  Eventually, the SSA recouped the overpayment by withholding amounts from

Plaintiff's monthly benefits and by applying certain underpayments against the outstanding balance. ECF No. 29 at 3; *see* ECF No. 39-1, ¶7.

Plaintiff sought reconsideration of the SSA's initial determination that she had been overpaid; however, the SSA affirmed its initial determination on August 16, 2014. ECF No. 39-1, ¶¶8-9. Plaintiff subsequently received a hearing before an Administrative Law Judge, who rendered an "unfavorable" decision on March 24, 2017. *Id*. ¶¶10-11. The ALJ concluded, in relevant part, that Plaintiff had been paid "full and complete retirement benefits" by the SSA and that "no overpayment or underpayment [was] due" on her account. Id. ¶11.[1]

On April 22, 2017, Plaintiff filed a written request that the SSA's Appeal Council review the ALJ's adverse decision. ECF No. 39-1, ¶12. The Appeals Council eventually rendered an adverse decision on July 5, 2018. *Id.*

In the meantime, before the Appeals Council had rendered its decision, Plaintiff filed the instant complaint in Magisterial District Court Number MDJ-06-1-03 in Erie County. ECF No. 6-2. The lone Defendant named in the complaint was Justin Martin, an employee of the SSA. *Id.* In her pleading, Plaintiff alleged that the Defendant had committed fraud by taking money from her bank account. *Id.* As relief, she sought $10,000.00 in damages. *Id*.

On March 20, 2018, the United States Attorney for the Western District of Pennsylvania removed the case to this judicial district. ECF No. 1. Six days later, the Honorable Mark R. Hornak dismissed Justin Martin from this case and directed the United States to be substituted as the proper party Defendant for purposes of all further proceedings. ECF No. 9. The case was transferred to the undersigned on September 18, 2018. ECF No. 15.

---

[1] The ALJ noted that a previous underpayment of $4,511.00 was due to Plaintiff and had been "released for payment" on June 7, 2016. Mumford Decl. ¶11.

### III. DISCUSSION

It is axiomatic that federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. v. Am.*, 511 U.S. 375, 377 (1994). As a result, "[t]hey possess only that power authorized by the constitution and statute, . . . which is not to be expanded by judicial decree[.]" *Id.* (citations omitted). The default presumption is that "a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Relevant to the Court's jurisdictional analysis is the doctrine of sovereign immunity, which shields the United States and its various agencies from suit, except to the extent that Congress has waived the immunity. *Dept' of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999); *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Accordingly, this Court must determine in the first instance whether any statutory waiver of sovereign immunity exists before it can allow claims against the federal government to proceed. *See Mitchell*, 463 U.S. at 212.

Here, Plaintiff's sole cause of action is an intentional tort claim sounding in fraud, asserted against the United States. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2671-2680 (Westlaw 2020), constitutes a limited waiver of sovereign immunity over tort claims against the federal government and its agencies. *Dolan v. U.S. Postal Service*, 546 U.S. 481, 484-85 (2006).

>In order for jurisdiction to exist under 28 U.S.C. § 1346(b)(1), a claim must be made
>
>"[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)(1)) (alterations in original)); *see CNA v. United States*, 535 F.3d 132, 141 (3d Cir. 2008), *as amended* (Sept. 29, 2008). In addition, 28 U.S.C. § 2675(a) mandates that a tort action "shall not be instituted" against the United States unless two prerequisites have been satisfied: (1) "the claimant shall have first presented the claim" to the relevant agency and (2) the claim "shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). Thus, no FTCA action may be commenced on a claim against the United States until the claimant has first presented, and exhausted, the available administrative remedies prior to bringing suit in any court. *McNeil v. United States*, 508 U.S. 106, 111-13 (1993). If a plaintiff files a suit without having submitted a timely claim to the appropriate agency, the suit must be dismissed. *Id*. at 112-13 (1993); *Perez-Barron v. United States*, 480 F. App'x 688, 691 (3d Cir. 2012). Thus, conformity with § 2675(a) is a jurisdictional term of the FTCA's limited waiver of sovereign immunity. *See, e.g., Abulkhair v. Bush,* 413 F. App'x 502, 506 (3d Cir. 2011) ("Failing to follow this procedure [of administrative exhaustion] deprives federal courts of subject matter jurisdiction.") (citing *White–Squire v. USPS*, 592 F.3d 453, 456–58 (3d Cir. 2010)); *Accolla v. United States Gov't*, 369 F. App'x 408, 409–10 (3d Cir. 2010) (finding the district court properly dismissed FTCA claim where the plaintiff filed federal suit prior to exhausting administrative remedies).

In this case, the United States has presented undisputed evidence that Plaintiff did not exhaust her administrative remedies for purposes of the FTCA. *See* ECF No. 39-2.[2] For this reason alone, the Court lacks jurisdiction over any putative FTCA claim. Moreover, even if Plaintiff *had* exhausted her administrative remedies under the FTCA, the Court still could not entertain her claim because the Act does not waive sovereign immunity for torts "arising out of ... misrepresentation [or] deceit." 28 U.S.C. § 2680(h). This limitation includes fraud claims like the one asserted here. *See Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 96 (3d Cir. 1995) (noting that "courts have consistently held that fraud claims against the government are not permitted under the FTCA")(citing authority); *Shaw v. United States Postal Serv.*, No. CV 18-651, 2018 WL 5885900, at *3 (E.D. Pa. Nov. 9, 2018) (dismissing plaintiff's "fraud-based tort claims" against the United States Postal Service, which "sound[ed] in precisely the types of actions that remain barred by sovereign immunity under Section 2680(h) of the FTCA").

---

[2] The Court notes that, on November 18, 2019, Plaintiff filed a motion for an extension of time to collect evidence in response to the Government's motion to dismiss ECF No. 43. After receiving this motion, the Court scheduled a telephonic hearing for December 3, 2019 for the purpose of discussing Plaintiff's evidentiary needs. ECF No. 44. Plaintiff did not appear at the designated time, despite being sent notice at her address of record. Because Plaintiff did not appear or provide any information to the Court in support of her request for an extension of time, the Court denied her motion on the record. *See* Minutes dated 12/3/19. Later that same day, the Clerk filed correspondence from Plaintiff advising the Court that she wanted "no phone hearing" and wanted instead to appear in person, with a representative from the SSA and her "representative" in "a room at the Federal Court House." ECF No. 47. Subsequently, on December 10, 2019, Plaintiff responded to the Government's motion to dismiss. ECF No. 48. This "response" consisted primarily of computerized records of Plaintiff's benefits payment history that were apparently supplied to her by the SSA. On these records, Plaintiff made handwritten notations of SSA's alleged computational errors, coupled with various *ad hominem* attacks wherein Plaintiff referred to unspecified agency officials as "incompetent idiots," "morons," and "stupid." ECF No. 48. Plaintiff also stated in her "response" that the SSA "continues to deny [her a] copy of [her] records," *id.,* but she does not specify which records in particular she is lacking or how they would be relevant in responding to the Government's jurisdictional challenges. Furthermore, nowhere in her response does Plaintiff represent that she exhausted her administrative remedies under the FTCA – information which is fully within her possession and which she could allege by way of an affidavit, even in the absence of complete administrative records. Accordingly, the Court considers the exhaustion issue to be undisputed.

In addition, "courts have held that 42 U.S.C. § 405(h) bars tort claims such as fraud from being asserted against the SSA when the allegations 'arise under' the Social Security Act." *Knight-Bey v. Bacon*, No. 8:19CV330, 2020 WL 1929075, at *3 (D. Neb. Apr. 21, 2020). In this case, Plaintiff's fraud claims directly relate to the SSA's efforts to recoup an alleged overpayment of old-age benefits. This is precisely the kind of claim that Section 405(h) prohibits. *See* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 [federal question jurisdiction] or 1346 [Federal Tort Claims Act] of Title 28 to recover on any claim arising under this subchapter."); *Cunningham v. Social Sec. Admin.*, 311 F. App'x 90, 92, 2009 WL 175076 (10th Cir. 2009) (unpublished) (42 U.S.C. §405(h) prohibited claim for constructive fraud brought against SSA after SSA ordered plaintiffs to reimburse SSA for overpayment); *Greene-Major v. Comm'r of Soc. Sec. Admin.*, No. 3:10-1459, 2010 WL 3038319, at *2 (D.S.C. June 17, 2010) ("Title 42 U.S.C. § 405(h) prohibits Plaintiff from seeking damages against the United States, the Commissioner, or any officer or employee thereof, for alleged personal injuries or loss of property, such as for claims of [among other things] fraud[.]"), *report and recommendation adopted*, 2010 WL 3038430 (D.S.C. July 29, 2010).

To the extent that Plaintiff desires judicial review of her administrative proceedings before the Social Security Administration, her claim may not be heard by this Court unless she properly seeks review as dictated by Section 205(g) of the Social Security Act, 42 U.S.C. §405(g). Specifically,

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which

>the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. . . .

42 U.S.C. §405(g). A "final decision" is rendered by the Commissioner of Social Security only after exhaustion of a four-step administrative process. *See* 20 C.F.R. § 404.900. The steps begin with the initial determination, followed by a request for reconsideration, a request for a hearing before an ALJ, and a request for Appeals Council review. Id. § 404.900(a). If, after Appeals Council review, the claimant is dissatisfied with the Administration's final decision, she may request judicial review by filing a federal district court action. Id. §§ 404.900(a); 404.981. Failure to timely follow the appropriate steps results in the loss of the right to judicial review. Id. § 404.900(b).

In this case, Plaintiff did not adhere to the foregoing procedures. Instead of waiting for the Commissioner to render a "final," reviewable "decision," Plaintiff commenced suit five months prior to receiving a decision from the SSA's Appeals Council. Further, Plaintiff did not file suit in this judicial district, nor did she name the Commissioner as the Defendant or invoke §405(g) as a basis for jurisdiction. Instead, as noted, Plaintiff filed a fraud claim in the magisterial district court, naming an official of the SSA as the lone Defendant. Because Plaintiff is proceeding *pro se*, her complaint must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, Plaintiff is still the master of her own pleading, and, in the absence of more persuasive indicia, the Court will not infer from her complaint that she is seeking judicial review of the Commissioner's "final decision" relative to her old-age benefits. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Myles v. United States*, 416 F.3d 551, 552 (7th Cir.

8

2005) (noting that even *pro se* litigants are masters of their own complaints and may choose who to sue—or not to sue).

## IV. CONCLUSION

Based upon the foregoing reasons, this Court lacks subject-matter jurisdiction over Plaintiff's fraud claim against the United States. Accordingly, the Government's motion to dismiss for lack of subject matter jurisdiction will be granted. Because the jurisdictional defects in Plaintiff's complaint are irremediable, the pleading will be dismissed without further opportunity for amendment. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (stating that a district court may dismiss an action with prejudice when leave to amend would be inequitable or futile). The Court will dismiss as moot the Government's alternative motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

An appropriate Order follows.

_____
SUSAN PARADISE BAXTER
United States District Judge

cc:   Paul E. Skirtich, Esq.
      (via CM/ECF)

      MARSHA M. CHESBRO
      1732 West 14th Street
      Erie, PA 16505
      (via U.S. Mail)